NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEHAD ALBIBI and<br>MALIKA MANSOUR, his wife,<br><br>    Plaintiffs,<br><br>v.<br><br>TIGER MACHINE CO., LTD.,<br>TIGER INTERNATIONAL, INC.,<br>PATHFINDER SYSTEMS, STANDLEY<br>BATCH SYSTEMS, INC., AND JOHN DOES<br>1-7 (NAMES BEING FICITIOUS),<br><br>    Defendants,<br><br>And<br><br>PATHFINDER SYSTEMS,<br><br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>CAMBRIDGE PAVERS, INC.,<br><br>    Third-Party Defendant | Civil Action No. 11-5622 (JLL)<br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court upon the Motion for Sanctions by Third-Party Defendant Cambridge Pavers, Inc. ("Cambridge") pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11. (ECF No. 108.) The Court has considered the submissions made in support of and in opposition to Cambridge's Motion and decides this matter without oral argument pursuant to

1

Fed. R. Civ. P. 78. Based on the following and for the reasons expressed herein, Cambridge's Motion for Sanctions is **denied**.

## I.   BACKGROUND

Plaintiff Jehad Albibi was injured on June 17, 2009 while working as a machine operator for Cambridge. (ECF No. 103 at 2.) The machine that Albibi was operating was manufactured by Tiger Machine Co. ("Tiger"), a Japanese company. (Id.) Tiger's representative in the United States, Pathfinder Systems ("Pathfinder"), sold the machine to Cambridge. (Id.)

After his accident, Albibi filed for workers' compensation against Cambridge. (Id. at 3.) Albibi and his wife (collectively "Plaintiffs") then filed a complaint in the Superior Court of New Jersey on June 7, 2011, naming Tiger and Pathfinder as defendants. (ECF No. 1-1.) The case was removed to this Court on September 28, 2011. (ECF No. 1.) Plaintiffs filed an amended complaint on January 13, 2012. (ECF No. 12.) Pathfinder filed a third-party complaint against Cambridge on June 12, 2012, asserting claims of contribution and indemnification. (ECF No. 28.) Cambridge filed a motion for summary judgment as to Pathfinder's claims on March 13, 2014. (ECF No. 87.) On April 30, 2014, this Court granted Cambridge's motion, finding that Pathfinder's third-party claims were barred by New Jersey's Workers' Compensation Act. (ECF No. 103 at 10-13.)

Cambridge filed the instant Motion for Sanctions against Pathfinder on June 16, 2014, arguing that Pathfinder should be sanctioned pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11, and that Cambridge should be awarded attorney's fees and costs. ("Cambr.'s Mot.," ECF No. 108.) Pathfinder filed an Opposition on July 7, 2014. (ECF No. 109.) Cambridge filed a Reply on July 14, 2014. (ECF No. 111.)

2

## II. DISCUSSION

### A. Rule 11 Sanctions

Federal Rule of Civil Procedure 11 provides that a court may impose sanctions upon an attorney or party for filing documents for an improper purpose, making frivolous arguments, or making allegations that lack evidentiary support. See Fed. R. Civ. P. 11(b)-(c). In deciding whether to impose sanctions, courts look objectively to whether the imposition of sanctions would be reasonable under the circumstances. Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995). The Third Circuit has indicated that "[g]enerally, sanctions are prescribed 'only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous.'" Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (quoting Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)).

As a preliminary matter, this Court must determine whether Cambridge "complied with the 'safe harbor' provision of Rule 11(c)(2)." Francis v. TD Bank, N.A., No. 12-7753, 2014 WL 1628134, at *5 (D.N.J. Apr. 24, 2014). "Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party, and allows 21 days for the other party to withdraw or correct the challenged issue." Id. (citing In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008)). Here, Cambridge sent Pathfinder four separate letters prior to filing its motion for summary judgment, informing Pathfinder that its suit was frivolous and that Cambridge intended to take action under Rule 11. (See ECF No. 108, Maurer Cert., Ex. B, D, E, F.) However, Cambridge did not present Pathfinder with the actual Motion for Sanctions and allow Pathfinder to fix the challenged issue. Numerous Circuit Courts have found that sending an adversary an informal letter as opposed to the actual motion fails to comply with Rule 11. See Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029 (8th Cir. 2003) (finding that an email

3

sent from a defendant to a plaintiff "stating that if [a] motion for default judgment was not withdrawn, [the defendant] would request appropriate fees under Rule 11" did not comply with Rule 11's safe harbor provision because "[the defendant] did not serve a prepared motion on [the plaintiff] prior to making any request to the court"); In re Pratt, 524 F.3d 580, 588 (5th Cir. 2008) ("We may not disregard the plain language of [the safe harbor provision] and our prior precedent without evidence of congressional intent to allow 'substantial compliance' through informal service."); Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) ("The district court observed that [the defendant] had given multiple warnings to [the plaintiff] about the defects of his claim. Those warnings were not motions, however, and [Rule 11] requires service of a motion."); Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (finding that sanctions were inappropriate when "the defendants did not serve their Rule 11 motion on [the plaintiff] before filing it with the district court").[1] This District has reached the same conclusion. See Graco, Inc. v. PMC Global, Inc., No. 08-1304, 2011 WL 868930, at *11 (D.N.J. Feb. 14, 2011) report and recommendation adopted, No. 08-1304, 2011 WL 921668 (D.N.J. Mar. 10, 2011) (stating the Rule 11 "requires service of a motion" rather than "[w]arnings and informal applications"); Slater v. Skyhawk Transp., Inc., 187 F.R.D. 185, 200 (D.N.J. 1999) (stating that "[a]n informal notice, either by letter or other means, does not trigger the commencement of the 21 day period [in Rule 11]").

In addition to failing to comply with Rule 11's safe harbor provision, Cambridge's Motion was not timely filed before this Court. Rule 11's Advisory Committee notes state:

---

[1] In Nisenbaum v. Milwaukee County, 333 F.3d 804, 808 (7th Cir. 2003), the Seventh Circuit determined that sanctions could be awarded when the defendants originally sent the plaintiff a letter rather than a motion, but subsequently "alerted [the plaintiff] to the problem and gave him more than 21 days to desist." The present case is distinguishable from Nisenbaum, as Cambridge did not alert Pathfinder of Cambridge's procedural error. Further, "[b]ecause the Seventh Circuit provided little analysis and cited no authority for its holding [in Nisenbaum], the propriety of its holding has been called into doubt on more than one occasion." Pratt, 524 F.3d at 588 (citing cases).

4

"Given the 'safe harbor' provision[] . . . a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments); see also Ridder v. City of Springfield, 109 F.3d 288, 295 (6th Cir. 1997) ("By virtue of the fact that under the 1993 amendments, a Rule 11 motion cannot be made unless there is some paper, claim, or contention that can be withdrawn, it follows that a party cannot wait to seek sanctions until after the contention has been judicially disposed." (internal citation and quotations omitted)). Here, as Cambridge's Motion was not filed until after this Court rendered its summary judgment opinion, the Motion was untimely.

Accordingly, Cambridge's request for sanctions and attorneys' fees under Rule 11 is denied.[2]

### B. 28 U.S.C. § 1927 Sanctions

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The power to impose sanctions "is a matter entrusted to the discretion of the district court." Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir. 1991). The imposition of sanctions under Section 1927 requires a finding that "an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the costs of the proceedings; and (4) doing so in bad faith or by intentional misconduct." In re Prudential Ins. Co. of Am., 278 F.3d 175, 188 (3d Cir. 2002) (citation omitted). Similarly, to impose attorneys' fees, "a finding of willful bad faith on the part of the offending lawyer is a prerequisite." Hackman, 932 F.2d at 242. Indicia of bad faith

---

[2] Pathfinder seeks reimbursement for its expenses and attorney's fees incurred in submitting its Opposition to Cambridge's Motion, arguing that the Motion was frivolous because it clearly did not comply with the safe harbor provision of Rule 11. The Court rejects this argument. Cambridge attempted to comply with Rule 11 by sending letters to Pathfinder, and this mistake was not so unreasonable that Cambridge should be sanctioned.

5

include "findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." In re Prudential, 278 F.3d at 188 (citation omitted).

Although Pathfinder asked this Court to go against established law when it filed a third-party complaint against Cambridge, this Court does not find that sanctions are appropriate. In arguing that the Court should allow its third-party complaint, Pathfinder relied on Stephenson v. R.A. Jones & Co., Inc., 510 A.2d 1161, 1164-74 (N.J. 1986), a Supreme Court of New Jersey decision in which the dissent opined that when an employer "persistently frustrates a manufacturer's efforts to correct a dangerous condition in a machine," the employer should lose the protection of the Worker's Compensation Act. While the dissent in Stephenson is clearly not binding on this Court, there is no evidence that Pathfinder acted in bad faith in asking the Court to follow this reasoning. In fact, the Superior Court of New Jersey, Appellate Division affirmed a denial of sanctions based on very similar facts in Semexant v. MIL-Ltd. Boston Mach. Div., 599 A.2d 935 (N.J. Super. Ct. App. Div. 1991). In Semexant, the plaintiff was injured by a negligently designed industrial machine at his workplace. Id. at 936. The plaintiff filed suit against the machine's manufacturer, and the manufacturer filed a third-party complaint against the plaintiff's employer. Id. The plaintiff's employer succeeded on summary judgment and subsequently filed a motion for sanctions. Id. In affirming the denial of sanctions, the Appellate Division pointed to Stephenson and stated:

> For us to sanction as being frivolous a theory of recovery which, whether developing or not, is vigorously advocated by a sitting Supreme Court Justice and supported by respectable out-of-state authority, merely because that viewpoint occupies minority status at the present time, would stifle honest and creative advocacy, a result which was surely not intended by the framers of the legislation.

Id. at 937 (internal citations and quotations omitted). While sanctions under a state statute were

6

at issue in Semexant, this Court nonetheless finds the logic persuasive.[3]

This Court also rejects Cambridge's argument that Pathfinder conducted discovery against Cambridge only in order to "harass and disrupt Cambridge's business in an attempt to force a settlement." (Cambr.'s Mot. at 6). As Pathfinder believed that it had a non-frivolous basis to bring its claim, this Court finds that the discovery it conducted was not due to "bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC., 287 F.3d 279, 289 (3d Cir. 2002).

Accordingly, Cambridge's request for sanctions and attorney's fees under 28 U.S.C. § 1927 is denied.

## IV. CONCLUSION

For the foregoing reasons, Cambridge's Motion for Sanctions is **denied**. An appropriate order follows this Opinion.

Jose L. Linares, U.S.D.J.

Date: July __, 2014
Original: Clerk's Office
cc: Hon. Michael A. Hammer, U.S.M.J.
All Counsel of Record
File

---

[3] This Court acknowledges that the decision in Semexant was rendered only five years after the decision in Stephenson, thus making it more reasonable for the third-party plaintiff in Semexant, rather than Pathfinder, to have relied on Stephenson. Nonetheless, this Court does not find that Pathfinder's conduct was so egregious as to warrant an imposition of sanctions.

7